UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81609-CIV-MIDDLEBROOKS

PAULA MARSHON,

    Plaintiff,

v.

THE FRESH MARKET, INC.,

    Defendant.
_____/

## ORDER AND OPINION DENYING DEFENDANT THE FRESH MARKET, INC.'S MOTION TO DISMISS AMENDED COMPLAINT OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court upon Defendant The Fresh Market, Inc.'s ("Fresh Market") Motion to Dismiss Plaintiff's Amended Complaint or Alternatively, for a More Definite Statement ("Motion"), filed on October 27, 2016. (DE 10). Plaintiff Paula Marshon ("Marshon") filed a Response in opposition on November 14, 2016 (DE 15), to which Fresh Market replied the next day, November 15, 2016 (DE 16). For the reasons stated below, the Motion is denied.

## BACKGROUND

Marshon's claim arises out of a slip-and-fall that occurred on Fresh Market's premises. Marshon is an individual citizen of Florida. (Amended Complaint, hereinafter "Complaint" or "Compl." at ¶ 5). Fresh Market is a corporation, and allegedly a citizen of Delaware,[1] that does

---

[1] Since Marshon does not state Fresh Market's state of incorporation, her Complaint alone is insufficient to establish the Parties' diversity of citizenship. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (affirming that a corporation is a citizen of *both* its state of incorporation and principal place of business). However, because Fresh Market's Notice of Removal supplies the missing information, *see infra*, and because "[i]n a removal action, the

business in Florida. (*Id.* at ¶¶ 3, 5). Marshon's Complaint alleges that on November 17, 2014, she was a business invitee at a Fresh Market store located at 1727 South Federal Highway in Delray Beach, Florida. (*Id.* at ¶ 8). While she was near the shopping carts at the store's entrance, Marshon allegedly "slipped on a liquid, water-like substance," causing her to "fall to the ground and sustain severe and permanent personal injuries." (*Id.* at ¶ 9). Marshon avers further that the substance was "not readily apparent to business invitees" because it was "located on the ground and blended in with characteristics of the floor." (*Id.* at ¶ 11). She thus characterizes the substance as a "dangerous and hazardous condition." (*Id.*). In addition, Marshon states that this condition existed for long enough that Fresh Market knew or should have known of its existence. (*Id.* at ¶ 14).

The Complaint sets forth a single cause of action against Fresh Market for negligence. Tracking the elements of a common law negligence claim, Marshon alleges that Fresh Market owed her a duty of care, both to "maintain the [p]remises in a reasonably safe condition and to warn [her] of concealed perils" of which it knew or should have known. (*Id.* at ¶ 12). Fresh Market supposedly breached this duty by a) allowing the liquid substance to accumulate on the floor; b) failing "to instruct its employees to maintain a clear and safe area" for customers; c) failing to protect customers by taking remedial steps such as putting down mats, creating warning signs, or cleaning up the liquid; and d) failing to warn customers about the hazard. (*Id.* at ¶ 13). Marshon claims that by virtue of this breach, Fresh Market directly and proximately caused her injuries. (*Id.* at ¶ 15).

---

burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction," *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990), Marshon's error is harmless.

2

Marshon initially filed a complaint against Fresh Market in Florida state court on September 12, 2016. (DE 1-2 at 5-8).[2] Fresh Market filed a timely notice of removal to this Court on September 20, 2016. (DE 1). In its notice, Fresh Market stated that subject matter jurisdiction existed because of diversity of citizenship between the Parties. *See* 28 U.S.C. § 1332. Specifically, Fresh Market contended that it, the corporation, was incorporated in Delaware and had its principal place of business in North Carolina, making it a citizen of the latter.[3] (DE 1 at 5). Marshon, on the other hand, is a citizen of Florida, and so Fresh Market claimed that the two parties were diverse. (*Id.*). In addition, Fresh Market maintains that the amount in controversy exceeds $75,000.00, based on a comparison between the nature of Marshon's alleged injuries and jury verdicts awarded for similar injuries in previous tort cases. (*Id.* at 4-5). The instant Motion is based on Marshon's failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (DE 10 at 2).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive

---

[2] The action was filed in the Circuit Court of the Fifteenth Judicial District, in and for Palm Beach County, Florida. The case is styled *Marshon v. The Fresh Market, Inc.*, Case No. 502016CA010329XXXXMB. (DE 1-2).

[3] Under these facts, Fresh Market is also a citizen of Delaware, *MacGinnitie*, 420 F.3d at 1239, but even so, that fact would not destroy diversity.

3

issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## DISCUSSION

### A. *Rule 8(a)(2)*

Fresh Market primarily argues that Marshon's allegations do not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2). It cites to several "key deficiencies" in the Complaint. (DE 10 at 6). First, Fresh Market insists that Marshon's description of the liquid substance and the circumstances of her fall were not sufficiently precise. Second, it faults Marshon for not labeling the substance "concealed" or "hidden." Third, it claims that Marshon cannot adequately allege Fresh Market's constructive knowledge of the substance without offering some supporting factual assertions about how it would have been on notice, such as by specifying the amount of time the dangerous condition existed before Marshon slipped on it. Marshon responds that her factual allegations suffice to raise a reasonable inference that Fresh Market is liable for negligence under Florida law. She also advances the theory that where a complaint's supporting facts are at least as detailed as the form allegations provided in the Florida Rules of Civil Procedure, *see* Fla. R. Civ. P. Form 1. 951 ("Fall-Down Negligence Complaint"), the complaint's allegations are enough to provide adequate notice of the claim.

Marshon's ancillary argument relating to Florida procedural rules is inconsistent with the standard governing the relationship between federal and state law in diversity cases. It is elementary that when federal jurisdiction arises through the parties' diversity of citizenship, substantive issues are controlled by state law and procedural issues by federal law. *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993); *see generally Hanna v. Plumer*, 380 U.S. 460 (1965). Pleading requirements are procedural in nature and so are determined by the Federal Rules of Civil Procedure, not by the rules of the state where the federal court sits. *Brown*, 8 F.3d at 773 ("federal law governs pleading requirements"); *accord. F.D.I.C. v. Dawson*, 4 F.3d 1303, 1308

5

(5th Cir. 1993) ("the pleading requirements in federal court are governed by Federal Rule of Civil Procedure 8 rather than by state law"); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) (Illinois pleading rule "of course does not apply in federal court"); *Ridgway v. Ford Dealer Comput. Serv., Inc.*, 114 F.3d 94, 98, n.5 (6th Cir. 1997) (citing *Dawson*). Thus, just as "a state's heightened pleading standards do not apply to [a] [p]laintiff's state law claims", *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250, n.4 (11th Cir. 2015); *see also Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986), so too would a state's more permissive pleading standard – incorporated through a model form – not usurp the pleading standard articulated in the federal rules. It is therefore irrelevant for the purposes of evaluating this Motion that Marshon has satisfied or exceeded the requirements of Florida's model form for fall-down claims. Instead, I must look only to Fed. R. Civ. P. 8(a)(2) to decide whether Marshon has stated a claim upon which relief may be granted.[4]

Nevertheless, even applying the potentially more rigorous requirements of Rule 8, I find that Marshon has made sufficient factual allegations from which liability for negligence can reasonably be inferred. I have noted elsewhere that:

> Rule 8 says merely, in relevant part, that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court interprets this rule liberally. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (internal quotations and alterations omitted). Notice pleading, even as modified by *Twombly* and *Iqbal*, does not "require the hyper-technical code pleadings of ages past" and is not meant to trip up litigants with formalistic distinctions. *Resnick v.*

---

[4] I also note that Marshon cannot rely on the federal model for negligence claims – found in Form 11 of the Appendix of Forms – to establish the sufficiency of her cause of action. Although Rule 84 previously applied a gloss to all appendix forms that made them "sufficient to withstand attack" when used as a pleading template, Fed. R. Civ. P. 84 (1946 Amendment), the December 1, 2015 amendments to the rule abrogated this gloss. Fed. R. Civ. P. 84 (2015 Amendment); *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337, n.2 (Fed. Cir. 2016).

*AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). As a result, courts will draw "reasonable inference[s]" flowing from the "factual content" pled. *Iqbal*, 556 U.S. at 678.

*DeMartini v. Town of Gulf Stream, et al.*, 9:16-cv-81371-DMM, DE 79, at 12 (S.D. Fla. Dec. 23, 2016) (Middlebrooks, J.); *see also* Legal Standard section, *supra*. In order to make out a claim, it is not necessary for the plaintiff to "specifically plead every element of a cause of action." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). At the same time, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

Under this standard, it is entirely plausible that Marshon's factual allegations amount to Fresh Market's liability for negligence. In Florida, there are four elements to a negligence claim: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1195 (Fla. 2003)).

As to the circumstances of Marshon's fall, she alleges that she slipped on a "liquid, water-like substance near the shopping carts at the front of the Premises" (Compl. at ¶ 9), that the substance was "not readily apparent to business invitees," that it "blended in" with the floor, and that it therefore constituted a "dangerous and hazardous condition" (*id.* at ¶ 11). Fresh Market appears to challenge whether these allegations are enough to demonstrate a duty and standard of care, a breach, and causation between Marshon's fall and injury. First, Fresh Market's duty and standard of care are established elsewhere in the Complaint. They do not turn on the possibility

of their having been breached. Marshon characterizes herself as a "business invitee" at Fresh Market's "store." (Compl. at ¶ 8). She then recites the legal conclusion that, based on this relationship, Fresh Market owed her a "duty of care to maintain the Premises in a reasonably safe condition and to warn [her] of concealed perils which are or should be known to" Fresh Market. (*Id.* at ¶ 12). While self-serving legal conclusions "cannot rescue" an otherwise "factually deficient complaint", *Faulkner Advert. Assoc., Inc. v. Nissan Motor Corp.*, 945 F.2d 694, 695 (4th Cir. 1991), Marshon's conclusion is buttressed by her alleged status as an invitee and Fresh Market's status as a "store." Under Florida law, "all premises owners owe a duty to their invitees to exercise reasonable care to maintain their premises in a safe condition." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 320 (Fla. 2001). The purported relationship here falls within the scope of premise owner duty. More broadly, a legal duty is imputed to anyone who undertakes an "endeavor [that] creates a generalized and foreseeable risk of harming others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992). It is possible, at least at this stage, that the wet substance was the product of some endeavor by Fresh Market's agents and that it created a "foreseeable zone of risk" to patrons. *Id.*

Second, Marshon specifically pleads four ways in which Fresh Market, through its acts and omissions, breached its duty of reasonable care. (Compl. at ¶ 13). Fresh Market does not dispute that any of these actions or inactions might lead to its liability. Instead, it essentially argues that unless Marshon can prove its liability to a legal certainty, and eliminate all other explanations for her fall, she has not sufficiently pled a breach of its duty. But Fresh Market cites to no cases for the proposition that, at the pleading stage, a plaintiff must establish the wet substance's "precise location," composition, "size or characteristics," origin, cause, or the mechanics of the victim's fall. (DE 10 at 6). Nor could it. *See Ideal Steel Supply Corp. v. Anza*,

8

652 F.3d 310, 323-24 (2d Cir. 2011) (district court demanded level of pleading "not justified by *Twombly*" when it faulted plaintiff asserting RICO claim for omitting precise mechanics of how scheme operated); *see also Vinson v. Vermillion Cty.*, 776 F.3d 924, 930 (7th Cir. 2015) (plaintiff alleging illegal police search of home not required to identify into which window officer peered). This is exactly the type of information that can only be illuminated through discovery. "Notice pleading would become a nullity if [Marshon], without the benefit of discovery, were forced to allege" with precision the physical and causal attributes of the accident in her complaint. *Letzer v. Radiant Creations Grp., Inc.*, 2:16-cv-14349-DMM, 2016 WL 7388357, at *4 (S.D. Fla. Dec. 19, 2016) (Middlebrooks, J.).

Third, from Marshon's description of her slip-and-fall, one can reasonably infer that Fresh Market was the actual – as in cause-in fact – and proximate – as in "but-for" or "substantial factor" – cause of her injuries. *See Stahl v. Metro. Dade Cty.*, 438 So. 2d 14, 17-18 (Fla. 3rd DCA 1983) (explaining the bifurcated concept of causation generally). It is reasonable to assume that the fall would not have occurred absent the wet substance and that "there was a natural, direct, and continuous sequence" between the fall and the injury. *Stahl*, 438 So. 2d at 17 (quoting *Pope v. Pinkerton-Hays Lumber Co.*, 120 So. 2d 227, 230 (Fla. 1st DCA 1960)). To the extent Fresh Market relies on the supposed vagueness of the fall's circumstances as to this element, that argument is foreclosed for the same reasons stated above. Accordingly, dismissal is not warranted based on the insufficiency of Marshon's allegations concerning the nature of the hazard and the circumstances of her fall.

Fresh Market next argues that its duty to warn could not be triggered without an express allegation that the wet substance was "concealed" or "hidden." It is not enough, according to Fresh Market, for Marshon to describe the substance as "not readily apparent to business

invitees." (Compl. at ¶ 11). But Fresh Market does not point to any authority which states that a negligence claim will lie only when a complaint uses certain magic words. Again, notice pleading has done away with "the hyper-technical code pleadings of ages past." *Resnick*, 693 F.3d at 1324. It is true that a landowner is obligated to warn invitees only of those "latent perils which are known or should be known to" him but not the invitees. *Shoen v. Gilbert*, 436 So. 2d 75, 77 (Fla. 1983); *see also St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1042 (Fla. 2nd DCA 2004) ("a duty to warn arises only when the landowner's knowledge of the danger is superior to the business invitee's"). But whether the peril is so latent as to require forewarning is a question of fact, *Shoen*, 436 So. 2d at 77, not nomenclature. Here, Marshon describes the wet substance as "not readily apparent to business invitees" because it "was located on the ground and blended in with characteristics of the floor of the Premises." (Compl. at ¶ 11). It requires no extensive parsing to reasonably interpret these terms as allegations that the substance was "hidden", "concealed", "latent", "camouflaged", or any adjective with a similar connotation.[5] Marshon's terminology in describing the hazardous condition is therefore not a ground for dismissal.

Finally, Fresh Market argues that the Complaint fails to provide supporting facts for Marshon's claim that Fresh Market had constructive notice of the wet substance. Yet the Complaint states that the "dangerous and hazardous condition existed for such a length of time that [Fresh Market] knew, or in the exercise of reasonable care, inspection and maintenance,

---

[5] In its Reply, Fresh Market balks at the notion that the Court might make "reasonable inferences" on Marshon's behalf. (DE 16 at 4). But so long as an inference is derived from the pleadings' "factual content," this is precisely what Rule 8 requires. *Iqbal*, 556 U.S. at 678. That other readings of the relevant terms are theoretically possible does not prevent the Court from accepting a particular one that flows naturally from the text. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184-85 (2d Cir. 2012) ("Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible. The choice between or among plausible inferences or scenarios is one for the factfinder . . . [not for] the court on a Rule 12(b)(6) motion.") (internal citations omitted).

10

should have known of its existence." (*Id.* at ¶ 14). Marshon also avers that spills in grocery stores are so frequent as to be foreseeable to Fresh Market. (*Id.*). In Fresh Market's view, Marshon must speculate the amount of time the substance had pooled on the floor prior to her slip, or else advance some other evidence of constructive notice. This theory stretches the pleading standard too far. The Eleventh Circuit has held that a negligence claim premised on a duty to warn – which is one of two duties Marshon posits – must allege "facts that would support [the defendant's] actual or constructive notice of danger." *Moseley v. Carnival Corp.*, 593 F. App'x 890, 893 (11th Cir. 2014) (affirming district court's application of *Zivojinovich* elements to maritime negligence claim). In *Moseley*, the plaintiff did not plead any facts whatsoever that tended to show that the defendant cruise operator should have known about a risk of injury. *Id.* at 892. Here, on the other hand, Marshon does plead a factual basis for Fresh Market's constructive knowledge – the length of time from the substance's appearance until her fall. (Compl. at ¶ 14). I am not persuaded that she must go further and pinpoint the exact interval. It would be surprising indeed if a slip-and-fall plaintiff could determine this information without the aid of discovery. Because a plaintiff's "pleading burden should be commensurate with the amount of information available" to her, "it is unreasonable to require" her to plead timing circumstances that she can learn "only through discovery." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1100 (7th Cir. 2015) (internal citation and quotation omitted).[6]

---

[6] The Florida case cited by Fresh Market, *Winn-Dixie Stores, v. Marcotte*, 553 So. 2d 213 (Fla. 5th DCA 1989), is not to the contrary. *Marcotte* simply held that, at the summary judgment stage, when a plaintiff fails to adduce evidence of "the length of time the dangerous condition existed prior to the injury," the defendant was entitled to judgment as a matter of law. *Id.* at 553 So. 2d at 215; *see also* Fla. Stat. § 768.0755 (requiring plaintiff suing "business establishment" to prove actual or constructive knowledge of dangerous condition and permitting proof of constructive knowledge through circumstantial evidence such as length of time). But the substantive evidentiary standard for *proving* constructive notice under Florida law says nothing

11

In sum, the lack of specificity in the alleged interval between the wet substance's appearance and Marshon's fall is not fatal to her negligence claim. Dismissal on this basis is also denied.

**B. Rule 10(b)**

Separately, Fresh Market maintains that paragraphs 6 and 14 of the Complaint violate Fed. R. Civ. P. 10(b). Rule 10(b), which is read in conjunction with Rule 8(a)(2), *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996), demands that any paragraph setting forth a claim be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). It further requires, to the extent "doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." *Id.* Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Fikes*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal citation and quotation omitted). Here, there is only one transaction at issue and one corresponding count for negligence. Fresh Market challenges only whether two specific paragraphs are sufficiently limited to a single set of circumstances.

Paragraph 6 is one sentence long and merely establishes that venue is appropriate in this district based on the location of Fresh Market and the alleged tortious acts. (Compl. at ¶ 6). I do not see how this sentence can be construed to mix circumstances.

Paragraph 14 is longer but is also not particularly difficult to comprehend. It reads:

> The liquid, water-like substance on the floor of the premises which constituted a dangerous and hazardous condition existed for such a length of time that Defendant knew, or in the exercise of reasonable care, inspection and maintenance, should have known of its existence. Moreover, spills and wet substances on the floor of a grocery store occur with such frequency that the

---

about the pleading standard for *alleging* it under federal law. *Brown*, 8 F.3d at 773 (observing that federal law controls pleading requirements in diversity actions).

liquid, water-like substance on the floor in an area where patrons frequently walk was foreseeable to Defendant.

(Compl. at ¶ 14). As discussed above, this paragraph addresses the extent of Fresh Market's actual or constructive knowledge concerning the wet substance on the floor. Fresh Market declines to catalogue the "multiple circumstances/claims" that this paragraph raises. (DE 10 at 9). Certainly Paragraph 14 is not impenetrable merely because it offers two distinct reasons why an injury would be foreseeable. Because no challenged aspect of the Complaint is so confusing as to prevent Fresh Market from understanding the claims and formulating a response, the Complaint should not be dismissed under Rule 10(b).

### C. *Rule 12(e)*

Rule 12(e) allows a party to "move for a more definite statement of a pleading" when that pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Fresh Market argues that, should the Complaint not be dismissed, a more definite statement is necessary. I have already explained that Fresh Market has not identified any component of the Complaint that is vague or ambiguous. As a consequence, Marshon is not required to provide a more definite statement. Accordingly, it is

**ORDERED** and **ADJUDGED** that The Fresh Market, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint or Alternatively, for a More Definite Statement (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 5 day of January, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

13